**STATE of Maine**

**v.**

**Allan ST. GERMAIN.**

Supreme Judicial Court of Maine.

Feb. 14, 1977.

Thomas E. Delahanty, II, Dist. Atty., Auburn, for plaintiff.

Hamilton & Hardy, by John L. Hamilton, William P. Hardy, Lewiston, for defendant.

Before DUFRESNE, C. J., and POMEROY, WERNICK, ARCHIBALD and GODFREY, JJ.

PER CURIAM.

Appellant, having been tried by a jury, was found guilty of violating former 17 M.R.S.A. § 754[1] (breaking and entering with intent to commit larceny). This appeal from the judgment entered on the verdict was seasonably filed.

We deny the appeal.

On the evening of December 31, 1975, snow had fallen in the city of Lewiston. As a direct result of this snowfall, sets of footprints were visible in the vicinity of

1. Repealed P.L.1975, c. 499, § 5, effective May 1, 1976.

the crime. The existence of these footprints was recorded in the police report and testified to at appellant's trial.

Appellant raises two issues on appeal. His first allegation of error was the trial court's refusal to admit the police report for the purpose of impeaching Officer Patterson, a witness called by the appellant.

◼ Rule 607 of the Maine Rules of Evidence clearly allows a party to impeach his own witness. A witness may be impeached by the use of a prior inconsistent statement—written or unwritten—made by him. To be admissible, the prior statement must be inconsistent, a determination to be made by the trial judge. R. H. Field, P. L. Murray, *Maine Evidence,* § 613.1 (1976); *see State v. Pullen,* Me., 266 A.2d 222, 225 (1970).

Officer Patterson testified at trial as follows:

"Q How many sets of tracks did you observe that night?

 \*  \*  \*  \*  \*  \*

"A I looked at one set of tracks near where the broken window was on Whipple Street.

 \*  \*  \*  \*  \*  \*

"Q And the other set—where was the other set, over here?

"A To the Southerly side of the Aliberti building, over there.

"Q So, there are two sets, one here and one here?

"A There are tracks in two different places.

 \*  \*  \*  \*  \*  \*

"Q What about the set of tracks emerging from behind the Aliberti office building, where were those?

 \*  \*  \*  \*  \*  \*

"A The same place, these tracks were heading in this direction toward

Main Street from the side of the building, heading from the direction of the rear."

The police report states:

"Noticed at this time side window broken with tracks leading down Whipple and into driveway of first house on the right. . . . [C]hecked by the back of Aliberti, Hodgeson and LaRochelle where he [officer] said another set of tracks emerged from behind the Aliberti building."

◼ Our independent examination reveals no inconsistency so as to permit introduction of the police report as evidence of a prior inconsistent statement. The presiding Justice acted properly in refusing to admit the report into evidence.

◼ The second issue raised by appellant challenges the sufficiency of the evidence. This claim is completely lacking in merit. The record indicates that appellant was apprehended in the same city block in which the crime occurred; that the arresting officer saw a man fleeing from the scene of the crime who was wearing a jacket similar to one worn by the appellant; that appellant was arrested only moments after the officer observed an individual leaving the scene; and that the police officer was able to follow footprints in the snow to the location in which he found appellant.

It is clear that the evidence presented is sufficient to support the jury's verdict that appellant is guilty of breaking and entering with intent to commit larceny.

The entry must be:

Appeal denied.

DELAHANTY, J., did not sit.

All Justices concurring.