**STATE of Maine**

v.

**Scott Eric COLLINS.**

Supreme Judicial Court of Maine.

Argued Jan. 5, 1983.
Decided Feb. 16, 1983.

Henry N. Berry, III, Dist. Atty., Portland, Michael Reynolds (orally), Law Student Intern, for plaintiff.

Cloutier & Woodman, James F. Cloutier (orally), Portland, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, CARTER, VIOLETTE and WATHEN, JJ.

ROBERTS, Justice.

After a jury trial in Superior Court, Cumberland County, Scott Eric Collins was convicted of robbery, Class A, 17–A M.R.S.A. § 651(1)(C)–(D) (1983). On appeal Collins contends that the court erred (1) in excluding defense evidence that another person committed the robbery and (2) in admitting rebuttal evidence of the victim's prior identification of the defendant and of the degree of certainty of that identification. We affirm the judgment of conviction.

## I.

The State introduced evidence that on August 22, 1980, at approximately 1:00 a.m., two men robbed James Haynes of his wallet and money while he was walking home from work. The robbery occurred near Tukey's bridge in Portland. Six weeks later, on October 7, 1980, at the police station, Haynes identified Scott Eric Collins as one of the men who had robbed him.

As part of the defense, the defendant's mother and brother corroborated Collins's alibi that he was at home asleep when the robbery occurred. Joseph Turcotte, a friend of the defendant, testified that on August 22, 1980, Ron Stevens whom he had known for one and a half years and Frank Merrill whom he had known for ten years appeared at the "Pot Log"[1] in East Deering at approximately 2:30 a.m. According to Turcotte, the two men started bragging. Although the State objected on the grounds that Turcotte's testimony with respect to what the men said was hearsay, the court ruled that the statements made by the men were declarations against penal interests and trustworthy, thereby qualifying as an exception to the hearsay rule. Turcotte continued by stating that the men said that they had just "rolled a guy on the bridge." Turcotte saw money and a wallet with a picture of Haynes's son inside. Turcotte said that both he and Merrill knew Haynes's son because they were all classmates at school.

Ford Reiche, the defendant's former attorney,[2] testified that he had interviewed

---

1. The Pot Log was described as a local spot where young people gather and smoke marijuana.

2. On June 3, 1981, Ford Reiche filed a motion to withdraw his appearance which was subse-

Frank Merrill. The State objected. Unlike Turcotte's testimony of the statements made by Stevens and Merrill, however, Reiche's testimony concerning Merrill's statement was excluded. The court ruled that because Merrill's statement to Reiche was made a while after the crime had been committed, the statement was untrustworthy. Later, during cross-examination of Reiche, defense counsel presented a written statement which was signed by Merrill in Reiche's office. The justice permitted the statement to be included as an offer of proof. The statement reads:

> Ron Stevens and I were walking across Tukey Bridge and Ron said watch this and he pushed the guy over the bank on his face and jumped on him and told him if he moved he slice his throat and he reached in the guys pocket and pulled out the guys money. Then pushed the guy down the bank then ran on the other side of the Bridge. He ditched the wallet. The guy said all he had was 2 dollars and Ron reached in the other pocket and pulled out a ten.
>
> He's about 5 ft 6—about 115 lbs he has glasses
>
> I didn't know who the guy was until I got home and Ron gave me the pictures and I looked at them and I knew who. It was when I looked at his son's picture. Jame's Haines
>
> I give my permission for the police to read this
>
>     [signed] Frank Merrill

■ The defendant asserts that the judge erred in determining that the statement made by Frank Merrill was not admissible as a declaration against penal interest.[3] We need not decide whether the statement was actually against the declarant's penal interest or whether the justice

abused his discretion by ruling that the statement was untrustworthy, because the error, if any, was harmless M.R.Crim.P. 52(a). Merrill's written statement merely duplicated Turcotte's previous testimony indicating the defendant had not committed the crime. Both Merrill's written statement and Turcotte's testimony tended to exculpate the defendant. Because the evidence was cumulative only, its exclusion cannot be deemed prejudicial. *See State v. Burnham*, 427 A.2d 969, 972 (Me.1981).

## II.

On cross-examination, the victim, Haynes, stated that shortly after the October identification, the defendant's lawyer, Ford Reiche, called to ask Haynes whether he was positive about the identification. After some questioning by Reiche, Haynes said he became angry and decided that he "didn't want to go through the aggravation." Haynes then told Reiche that he could not positively identify the robbers and that he would drop the charges. Later, Haynes called Reiche and told him that he would not drop the charges because he was "positively sure" that he could identify the robbers. Reiche, however, testified for the defense that on several occasions Haynes stated that "there's doubt in my mind about who robbed me."

Over objection by defense counsel that rebuttal by the State was improper, the court permitted the State's rebuttal witnesses to testify on the issue of identification. Despite additional objection that the statements were hearsay, Officer Richard Piper was permitted to testify that Haynes was "sure" and "positive" about the identification on October 7, 1982. Again over objection by defense counsel, Sergeant Bachelder described his conversation with Haynes on October 7, wherein the sergeant attempted to verify Haynes's identification.

---

quently granted. On June 30, 1981, a different attorney was appointed to represent Collins.

**3.** M.R.Evid. 804(b)(3) provides in relevant part:
  A statement which was at the time of its making ... so far tended to subject him to civil or criminal liability ... that a reasonable man in *his position would not have made*

the statement unless he believed it to be true. A statement tending to expose the declarant to criminal liability and offered to exculpate the accused is not admissible unless corroborating circumstances clearly indicate the trustworthiness of the statement....

A couple of days after the October 7th identification, Detective Kelly interviewed Haynes. This interview was conducted after Collins had spoken with Attorney Reiche. The detective was then asked whether Haynes had made a statement regarding the October 7th identification. Although defense counsel objected, the detective was permitted to testify that Haynes had told him that Collins was one of the robbers and that Haynes was "definitely positive" about the identification.

Although the testimony of police officers Piper and Bachelder as to Haynes's October 7th identification of the defendant was properly admitted as a prior identification under M.R.Evid. 801(d)(1)(B),[4] the defendant contends that the testimony of police officers Piper and Bachelder as to the degree of certainty of the identification was not admissible. The State argues that these statements are admissible as prior consistent statements. Under Rule 801(d)(1), prior consistent statements may be admissible. The rule provides in part that "[a] prior consistent statement by the declarant whether or not under oath, is admissible only to rebut an express or implied charge against him of recent fabrication or improper influence or motive."

Under the rule, there must be a charge of fabrication. Haynes testified at trial that he could positively identify the defendant as one of the robbers and that he had so informed Reiche. For the defense, Reiche testified that Haynes had told him that he could not positively identify the defendant as one of the robbers. Reiche's testimony created an inference that Haynes's trial testimony was fabricated subsequent to his conversation with Reiche.

■ The rule provides, however, that prior consistent statements may be admitted *only to rebut* the charge of fabrication. M.R.Evid. 801(d)(1). Only consistent state-

ments made prior to the time that the alleged fabrication occurred tend to bear upon the credibility of testimony given at trial. *State v. Reilly*, 446 A.2d 1125, 1130 (Me.1982); *State v. True*, 438 A.2d 460, 465 (Me.1981). Haynes supposedly fabricated his story between the time he spoke to Reiche and the time he testified at trial. Only consistent statements made prior to the time the defendant spoke to Reiche, therefore, tend to rebut the charge of fabrication. Haynes's statements made to the police officers concerning the degree of certainty of his identification were made prior to the time that Haynes spoke to Reiche. Moreover, the statements were consistent with Haynes's trial testimony. The testimony of Piper and Bachelder concerning the victim's statements as to the degree of certainty of his identification, therefore, was admissible.

■ The rebuttal testimony of Detective Kelly poses a somewhat different problem not only because Kelly's conversation with Haynes was a few days after the identification of Collins, but also because it was after Haynes had talked to Reiche. We need not decide and therefore we intimate no opinion as to whether the court erred in admitting Kelly's testimony. The error, if any, was harmless. M.R.Crim.P. 52(a). The testimony of the detective regarding these statements made by the victim merely duplicated the testimony of the other officers. Under the circumstances of this case, such cumulative evidence cannot be deemed prejudicial. *Cf. Burnham*, 427 A.2d at 972.

Although Collins raised other issues on appeal, we decide that none disclose any error by the trial court.

The entry is:

Judgment affirmed.

All concurring.

---

4. The rule provides in part:
   (d) Statements which are not hearsay. A statement is not hearsay if:
      (1) *Prior statement by witness.* The declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement, and the statement is ... (B) one of identification of a person made after perceiving him.