**STATE of Maine**

v.

**Ronald V. LIBERTY.**

Supreme Judicial Court of Maine.

Argued June 18, 1984.

Decided July 16, 1984.

---

David W. Crook, Dist. Atty., John Alsop, Asst. Dist. Atty. (orally), Skowhegan, for plaintiff.

Levine, Bishop & Levine, Ronald L. Bishop (orally), Waterville, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN, GLASSMAN and SCOLNIK, JJ.

GLASSMAN, Justice.

After a jury trial in the Superior Court, Somerset County, Ronald V. Liberty was convicted of burglary, 17–A M.R.S.A. § 401(1) (1983).[1] On appeal, Liberty contends the presiding justice erred: first, by denying his motion for a judgment of acquittal; second, by refusing to allow him to question a state witness in regard to a prior statement made by one Robert Mower; and third, by initially charging the jury in terms of a "presumption" rather than an "inference." Finding no error that warrants reversal, we affirm the judgment of conviction.

On March 5, 1982, a two-count indictment was returned against Ronald V. Liberty. In count one, the grand jury charged that on or about February 3, 1982, Liberty, intending to commit theft, entered the garage of Fairfield Lumber Company in Fairfield, knowing he was without privilege or license to do so. In count two, the grand jury charged that on or about the same day Liberty committed theft by exercising or obtaining unauthorized control over a truck belonging to Fairfield Lumber Company, with the intent to deprive Fairfield Lumber Company thereof.

The jury could reasonably have found that after 5:00 p.m. on February 3, 1982, the defendant and one Robert Mower forcibly entered Fairfield Lumber Company and, without having permission to do so, drove out of the garage a red flatbed truck with the words "Fairfield Lumber Company" painted in large letters on its side. The only testimony directly connecting the defendant to the unauthorized entry and theft was that of Robert Mower, who testified that on the date in question, shortly after 6:00 p.m., he and the defendant forcibly entered the lumber company to "look the place over." According to Mower, he and Liberty drove the truck out of the lumber company garage to the apartment of a mutual friend, Robert Stevens, where the truck became stuck in the driveway adjacent to Stevens's apartment. On cross-examination, Mower admitted he had given the police a statement on February 4, 1982, inconsistent with his testimony at trial. Mower testified he had previously told the police he initially observed the truck while it was stuck in the driveway outside Robert Stevens's apartment, with the defendant in the driver's seat "rocking it" in an attempt to move it. Mower steadfastly asserted his statement to the police was a fabrication.[2]

Officer Raymond, of the Fairfield Police Department, testified for the state that he recovered the truck from the yard outside Robert Stevens's apartment building during the early morning of February 4.[3] During cross-examination, defense counsel asked Raymond if he had taken a statement from Mower after recovering the truck. Raymond responded affirmatively, and defense counsel inquired into the content of the statement. When the prosecutor objected at the court's behest, the presiding justice refused to allow Raymond to answer the question. Rejecting the de-

---

[1]. A person is guilty of burglary "if he enters or surreptitiously remains in a structure, knowing that he is not licensed or privileged to do so, with the intent to commit a crime therein." 17–A M.R.S.A. § 401(1).

[2]. The defendant denied Mower's claim that he was involved in the burglary and theft. The defendant asserted he was in the vicinity of Robert Stevens's apartment when he noticed the truck stuck in the driveway. According to the defendant, he climbed into the truck, and with Robert Mower directing him, was able to pull the truck forward into the yard.

[3]. The truck, with the keys in it, had been left in the yard all night plainly visible to any passerby.

fendant's argument that the answer was admissible to impeach Mower's credibility, the presiding justice ruled the previous statement was "absolute hearsay."

At the close of the state's case, the defendant moved for a judgment of acquittal on both the burglary and theft charges. The defendant argued the state had failed to produce sufficient evidence to establish his intent to deprive Fairfield Lumber Company of the truck for a sufficient period of time to impair its value in any way. The presiding justice, apparently agreeing with the defendant's contention, granted the motion, but only insofar as it related to the count of the indictment charging theft by unauthorized taking, of which intent to deprive is an element. The court denied the motion as to the burglary charge, explaining that the theft charged as part of the burglary could be any type of theft set forth in 17–A M.R.S.A. ch. 15 (1983), and was not confined to theft by unauthorized taking or transfer, 17–A M.R.S.A. § 353.

During his instructions to the jury, the presiding justice stated the defendant could be found guilty of burglary if the jury found beyond a reasonable doubt that the defendant, knowing he was not licensed or privileged to do so, entered a structure, while intending to commit theft therein. After explaining to the jury the alternative conduct which could constitute theft, the presiding justice stated:

> Now, there is one further thing that you may consider in this particular case that if you should become satisfied beyond a reasonable doubt that a burglary did take place and that something was taken from the structure that was burglarized, proof that the defendant was in exclusive possession of property that has been, that has recently been taken *shall give rise to a presumption* that the defendant had exclusive possession of property recently so taken is guilty of the burglary.

Defense counsel objected to the use of the word "presumption" in the above charge, and requested a mistrial. The justice, aware he should have phrased the instruction in terms of an inference, stated to the jury he had "overstepped" himself, and should not have instructed in terms of a presumption. The presiding justice explained the jurors may draw reasonable inferences from the facts proved beyond a reasonable doubt, and may convict on the basis of such inferences, if they concluded the inferences were valid and the inferences convinced them of guilt beyond a reasonable doubt.

### 1. Denial of motion to acquit

The defendant contends that the court, because it granted the motion to acquit on the unauthorized taking or transfer charge, was required as a matter of law to grant the motion on the burglary charge. The defendant reasons that the theft alleged as part of the burglary was the same theft charged separately in count two. If the state could not prove the elements of the theft charged in count two, the defendant asserts, it similarly could not do so for count one. We reject the defendant's contention.

■■■ We have previously made clear that in an indictment charging burglary, the state need not recite the specific type of theft it will attempt to prove at trial. *See State v. Holt,* 391 A.2d 822, 824 (Me. 1978); *see also State v. O'Clair,* 292 A.2d 186, 190 (Me.1972). The state need only allege, as it did here, that the defendant entered a structure without privilege or consent to do so, and at that time, specifically intended to commit a theft therein. *State v. Holt,* 391 A.2d at 824; *see also* M.R.Crim.P. 58 and Form 10 (1984). Title 17–A M.R.S.A. § 351 (1983) expressly provides that an "accusation of theft may be proved by evidence that it was committed in any manner that would be theft under this chapter...." [4] Therefore, the presid-

---

**4.** The state is free to prove theft in a manner which differs from the specific manner recited

in the indictment, subject only to the power of

ing justice was not required to grant the motion to acquit on the burglary charge unless no trier of fact could have rationally found beyond a reasonable doubt that the defendant committed any type of theft set forth in 17–A M.R.S.A. ch. 15. *See State v. Duquette*, 475 A.2d 1145 at 1147 (Me.1984); *State v. Millett*, 392 A.2d 521, 523 (Me. 1978). The record contains ample evidence to sustain a jury finding that the defendant committed theft by the unauthorized use of property, 17–A M.R.S.A. § 360(1)(A) (1983). An individual is guilty of theft by unauthorized use of property if knowing he lacks the consent of the owner, he "takes, operates, or exercises control over a vehicle, or knowing that a vehicle has been wrongfully obtained, he rides in such vehicle." *Id.* An intent to deprive the owner of the property taken is not an element. Accordingly, we hold the defendant's contention is devoid of merit.[5]

2. Exclusion of prior statement of Robert Mower

■ Classifying the statement given by Robert Mower to Officer Ronald Raymond of the Fairfield Police Department as a prior inconsistent statement offered to attack Mower's credibility, the defendant contends the court erred in excluding the statement as "absolute hearsay." Although the defendant is correct, the error committed was harmless, and therefore, does not constitute a ground for vacating the conviction.

■ A hearsay statement is one made out of court offered in court to prove the truth of the matter asserted. M.R.Evid. 801(c) (1984); *see State v. O'Clair*, 292

the court to ensure a fair trial. 17–A M.R.S.A. § 351.

**5.** The defendant neither filed a request for a bill of particulars nor asserts prejudicial surprise.

**6.** A limiting instruction usually accompanies the introduction of a prior inconsistent statement made not under oath.

A.2d at 194. The purpose for which the out-of-court statement is offered is, therefore, critical in determining its admissibility. If a prior inconsistent written or oral statement properly qualified, is introduced not to prove its truth but for the limited purpose of attacking the credibility of the maker, it is not hearsay and is properly admissible. This principle is universally accepted, and has been repeatedly recognized in Maine. *See, e.g., State v. Nason*, 383 A.2d 35, 36 (Me.1978); *State v. St. Germain*, 369 A.2d 631, 632 (Me.1977); *McCormick's Handbook of Evidence* § 34, at 67 (2d ed. 1972). *See generally* Field & Murray, *Maine Evidence* § 801.4 at 191–92 (1976).[6] Given defense counsel's timely explanation of the purpose for which he sought to introduce Mower's statement, it is clear the presiding justice erred in excluding the statement as hearsay.

Upon careful examination of the record, however, we are convinced the error was harmless. Robert Mower had admitted making the inconsistent statement, and had testified to its contents. The testimony improperly excluded, therefore, was entirely cumulative.[7] Its exclusion cannot be deemed prejudicial. *See State v. Collins*, 456 A.2d 362, 364 (Me.1983); *State v. Burnham*, 427 A.2d 969, 972 (Me.1981).

3. Court's instruction

■ Last, the defendant contends reversible error took place when the presiding justice instructed the jury it may "presume" the defendant committed the burglary if it found beyond a reasonable doubt that a burglary occurred and the defendant was in exclusive possession of the property taken in the burglary.

**7.** Counsel for the defendant admitted that the testimony sought to be elicited from Robert Mower was entirely cumulative, but sought its admission to "drive home to the jury" the variance between Mower's statement to the officer and his testimony at the trial.

Title 17–A M.R.S.A. § 361(2) provides "proof that the theft or robbery occurred under circumstances constituting a violation of section 401 also shall give rise to a presumption that the defendant in exclusive possession of property recently so taken is guilty of the burglary." Although this provision is phrased in terms of a "presumption," we have previously made clear the statute addresses "reasonable inferences" that can be drawn from facts proved beyond a reasonable doubt, and not presumptions in the literal sense. *See State v. King,* 379 A.2d 131, 133–34 (Me. 1977) (error to instruct in terms of presumption; word "presumption" intended to be synonomous with "permissible inference"); M.R.Evid. 303(c) (1984) (court in criminal case should charge in terms of reasonable inference, not presumption); *see also State v. Rand,* 430 A.2d 808 (Me.1981). Therefore, the presiding justice was in error when initially instructing the jury in terms of a presumption.

■ Such error, however, does not constitute a ground for vacating the judgment. Upon the objection of defense counsel, the presiding justice corrected his mistake, and changed his instruction from one of presumption to one of reasonable inference. A presiding justice has a right to correct an instruction to the jury before it retires, and jurors are duty-bound to ignore any part of the charge withdrawn. *State v. Cox,* 138 Me. 151, 172, 23 A.2d 634, 645 (1942); *State v. Derry,* 118 Me. 431, 433, 108 A. 568, 569 (1920). In the absence of any showing of prejudice, we will not vacate a verdict on the basis of a mistaken instruction, when the court has taken prompt and adequate steps to correct it. The defendant has shown no such prejudice.

The entry is:

Judgment affirmed.

All concurring.