**STATE of Maine**

v.

**Danny FOX.**

Supreme Judicial Court of Maine.
Argued April 29, 1985.
Decided June 20, 1985.

John R. Atwood, Dist. Atty., William R. Anderson (orally), Asst. Dist. Atty., Belfast, for the State.

Steven C. Peterson (orally), Camden, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, VIOLETTE, GLASSMAN and SCOLNIK, JJ.

VIOLETTE, Justice.

Danny Fox appeals from a verdict of the Superior Court, Waldo County, finding him guilty of theft under 17–A M.R.S.A. § 356 (1983), Theft of Lost, Mislaid or Mistakenly Delivered Property. We find no error in the Superior Court's decision and affirm.

## I.

From 1978 to 1980, Danny Fox was harbor master for the City of Belfast. Among his duties was the oversight of moorings in the harbor. In the summer of 1979, Fox removed Gordon Johnson's mooring from the harbor because it was not registered. Some disagreement arose over who was responsible for the cost of replacing the mooring after it was registered. Because of this disagreement, Johnson's mooring was not placed back in the harbor and he secured his boat with a one-hundred pound Yachtsman anchor.

In September of 1979, a hurricane struck the harbor. Johnson's boat dragged its anchor and moved up against an old bridge in Belfast. The boat could not pass under the bridge. Fox, pursuant to his duties as harbor master, attempted to haul the boat to safety with the city boat. He was unable to tow the boat with the anchor down or to raise the anchor; so he cut the anchor line and hauled the boat to the city landing. The following day, Fox returned to the spot where he had cut the anchor line and located the anchor. He attempted to drag the anchor to the city landing; however, the line was lost a short distance from the landing. The City hired a diver, who testified that he searched the area and could not locate the anchor. Johnson testified that he also searched for the anchor, but abandoned the search about one year after the storm.

Duncan Brown, another diver, testified that about four or five years before trial, while performing some repair work on the local lobster pound's lines, he located an anchor snagged near the city landing. Fox indicates that he was present when the anchor was found, but did not inform Brown that the anchor was Johnson's as he understood that Brown had salvage rights to the anchor.

About one and one-half years later, Brown swapped the anchor for a smaller anchor Fox owned and for the use of Fox's backhoe. About May 1982, Fox sold the anchor to Terry Falkingham for $35.00 at a rummage sale he was conducting. About a year later, in August of 1983, Johnson located the anchor he believed to be his lost anchor at Falkingham's residence. He then contacted the police and the action against Mr. Fox resulted.

In a District Court complaint dated August 25, 1983, Fox was charged with a violation of 17–A M.R.S.A. § 359 (1983),[1] Theft by Receiving. After a number of procedural motions, a jury-waived trial commenced in Superior Court, Waldo County, on April 19, 1984. At the close of the State's case, Fox moved for a judgment of acquittal that was denied. After closing arguments, the Court indicated that it believed that the elements of § 359 had not been proved, but stated that it believed a violation of 17–A M.R.S.A. § 356,[2] Theft of

---

1. 17–A M.R.S.A. § 359 (1983) states in pertinent part

 1. A. person is guilty of theft, if he receives, retains or disposes of the property of another knowing that it has been stolen, or believing that it has been stolen, with the intention to deprive the owner thereof.

2. 17–A M.R.S.A. § 356 (1983) states
 A person is guilty of theft if:
 1. He obtains or exercises control over the property of another which he knows to have

Lost, Mislaid or Mistakenly Delivered Property, had occurred and that the court had authority to make such a finding under 17–A M.R.S.A. § 351 (1983).[3] Fox requested and was granted time to brief the issue and the matter was continued. Briefs were filed by both sides. On May 2, 1984, by oral finding the court found Fox guilty of 17–A M.R.S.A. § 356, imposed a fine of $35.00 and ordered restitution of $35.00. Fox filed a timely appeal to this Court.

## II.

■ Fox contends that he was denied a fair trial by the court's application of 17–A M.R.S.A. § 351 (1983) in finding him guilty of violating 17–A M.R.S.A. § 356 (1983) when he had been charged with violating 17–A M.R.S.A. § 359 (1983). Section 351 provides that theft may be proved by evidence that it was committed in any manner that would be theft under the theft chapter even if the information or indictment specified a different manner, "subject only to the power of the court to ensure a fair trial by granting a continuance or other appropriate relief if the conduct of the defense would be prejudiced by lack of fair notice or by surprise." Although we have recognized that the court's discretion under § 351 is not absolute, in this case the defendant has not demonstrated any prejudice or surprise by the court's ruling. The court offered to allow the parties to brief the issue of the application of § 356 and stated that "I suppose, if you want to reopen it, we could do it." Fox requested

and was granted time to brief the issue of the application of § 356 but never requested that the trial be reopened. The State never altered the theory of the theft nor the facts it sought to prove; the only alteration was the law that was applied to those facts. Fox is presumed to know the law. *State v. Brasslett,* 451 A.2d 890, 897 (Me. 1982); *State v. Viger,* 392 A.2d 1080, 1085 (Me.1978). Further, Fox made no offer of proof before the trial court nor before this court showing how he was prejudiced by the application of § 356. We find no error by the trial court in applying § 351 to this case.

## III.

■ Fox also contends that the trial court erred in refusing to grant his motion to acquit on charges of violating § 359 because the State had failed to prove by convincing evidence that the anchor had been stolen and that Fox knew that it had been stolen or believed it had been stolen. When the improper denial of a motion to acquit is alleged, the question before us is whether there was legally sufficient evidence to support the guilty verdict. *State v. Hebert,* 480 A.2d 742, 746 (Me.1984); *State v. Duquette,* 475 A.2d 1145, 1447 (Me.1984). The test of legal sufficiency is whether on the evidence as a whole, assessed most favorably to the state, no trier of fact could rationally find proof of guilt beyond a reasonable doubt. *See State v.*

been lost or mislaid or to have been delivered under a mistake as to the identity of the recipient or as to the nature or amount of the property; and

**2.** With the intent to deprive the owner of the property at any time subsequent to acquiring it, he fails to take reasonable measures to return it.

**3.** 17–A M.R.S.A. § 351 states in pertinent part
Conduct denominated theft in this chapter constitutes a single crime embracing the separate crimes such as those heretofore known as larceny, larceny by trick, larceny by bailee, em-

bezzlement, false pretenses, extortion, blackmail, shoplifting and receiving stolen property. An accusation of theft may be proved by evidence that it was committed in any manner that would be theft under this chapter, notwithstanding the specification of a different manner in the information or indictment, subject only to the power of the court to ensure a fair trial by granting a continuance or other appropriate relief if the conduct of the defense would be prejudiced by lack of fair notice or by surprise. If the evidence is sufficient to permit a finding of guilt of theft in more than one manner, no election among those manners is required.

*Gilbert,* 473 A.2d 1273, 1275 (Me.1984); *State v. Lyons,* 466 A.2d 868, 870 (Me. 1983). After reviewing the evidence, we conclude that the evidence was sufficient for the trier of fact to find the defendant guilty beyond a reasonable doubt of a violation of § 356.

The entry is:

Judgment affirmed.

All concurring.