STATE of Maine

v.

Edward NIEMSZYK.

Supreme Judicial Court of Maine.

Argued Nov. 16, 1988.
Decided Dec. 12, 1988.

---

Mary Tousignant, Dist. Atty., Anne H. Jordan (orally), Deputy Dist. Atty., Alfred, for the state.

Thomas Van Houten (orally), Wood & Van Houten, Sanford, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD, HORNBY and COLLINS, JJ.

McKUSICK, Chief Justice.

After a jury trial in the Superior Court (York County; *Brodrick, J.*) defendant Edward Niemszyk was convicted of arson, 17–A M.R.S.A. § 802 (1983 & Supp.1988), for a fire at the Union Bluff Hotel in York Beach. On appeal, we find no reversible error in the conduct of the trial.

## I.

■ First, defendant contends that the trial court abused its discretion in allowing the State to adduce testimony concerning the police investigation of the fire. At trial, his initial objection was a general one addressed to the relevance of the evidence. It was defense counsel, however, who first raised questions about the scope of this investigation. During his opening statement, defense counsel told the jury, "You are going to hear testimony that [defendant] was the only guy that the police investigated," and "you are going to hear testimony that there was only one single person that the police investigators ever possibly suspected in these crimes. Nobody else." By thus stressing to the jury that defendant was the exclusive focus of the police investigation from the start, defense counsel opened the door for the State to rebut these allegations. Overruling defense counsel's general objection to its relevance, the trial court properly admitted the investigator's testimony about the nature of the investigation. We review the trial court's determination that the evidence was relevant only for abuse of discretion. *See State v. Gagne*, 362 A.2d 166, 170 (Me. 1976). *See also* Field & Murray, *Maine Evidence* § 401.1, at 77 (2d ed. 1987). We find no abuse of discretion on this record.

■ The only specific objections defense counsel made during the investigator's testimony were based on hearsay or lack of personal knowledge. Contrary to defendant's contentions, the trial court made no error in permitting the police investigator to testify to information from jail and insurance records on which he relied in his investigation. This information was not offered for the truth of the matter asserted, but only to show the nature and extent of the investigation. *See State v. Duquette*, 475 A.2d 1145, 1147–48 (Me.1984). We find no merit in any of defendant's claims of error in the trial court's evidentiary rulings.

## II.

■ Second, defendant argues that the presiding justice abused his discretion in refusing to grant a mistrial based on a witness's brief, nonresponsive reference to defendant's having been in jail. The justice immediately instructed the jury to disregard the remark. It was not until the next day, after some eleven other witnesses had testified and the justice himself had

announced that he would remind the jury during his final instructions to disregard the statement, that defense counsel moved for a mistrial. In these circumstances, the justice did not abuse his discretion in refusing to grant a mistrial. *See State v. Brooks*, 366 A.2d 179, 182–83 (Me.1976).

### III.

■ Finally, defendant argues that certain statements made by the prosecuting attorney during her closing argument were so prejudicial as to require reversal of the conviction. With respect to a comment that the police had done good work in their investigation, defense counsel failed to object at the time. We therefore review the record only for obvious error creating manifest injustice. *See State v. Hinds*, 485 A.2d 231, 237 (Me.1984). We conclude that no such obvious error was present here. The comment again was responsive to defense counsel's statement in his opening that the police had focused their investigation only on defendant from the beginning and also to some cross-examination by defense counsel on the same subject. With respect to the prosecutor's statement that a warrant for defendant's arrest was issued by a judge, the presiding justice directed the jury to disregard the warrant comment completely, after which defense counsel expressed his apparent satisfaction by saying, "That's it." There was no obvious error in the prosecutor's closing argument.

The entry is:

JUDGMENT AFFIRMED.

All concurring.