**STATE of Maine**

v.

**Lee EIRBY.**

Supreme Judicial Court of Maine.

Submitted on Briefs March 30, 1995.
Decided July 31, 1995.

subsection to any crime the commission of which was a reasonably foreseeable consequence of his conduct.

boyfriend Edward Gooldrup, and Nicole Bowie, returned to the apartment while Eirby was ringing the bell and waiting on the front steps.

Eirby went upstairs to Lilley's apartment with the group. He was upset that he was not let into the apartment by Thibodeau before Lilley came home, and got into an altercation with Gooldrup. Eirby cut Gooldrup with a knife or other sharp object.[1] Thibodeau joined the fray and defended Gooldrup, hitting Eirby in the head with a chair.[2]

Norman R. Croteau, Dist. Atty., Craig E. Turner, Deputy Dist. Atty., Auburn, for State.

Justin W. Leary, Laskoff & Sharon, Lewiston, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA and LIPEZ, JJ.

CLIFFORD, Justice.

Lee Eirby appeals from a judgment of conviction for aggravated assault, 17–A M.R.S.A. § 208 (1983), entered in the Superior Court (Androscoggin County, *Alexander, J.*) following a jury trial. He contends that the court erred in excluding as hearsay a racially derogatory statement made by the victim's foster brother. Although the court mischaracterized the evidence as hearsay, its exclusion in the circumstances of this case was harmless. Accordingly, we affirm the judgment.

The jury would have been justified in determining the following facts. On an October evening in 1990, Eirby went to Deserae Lilley's Lewiston apartment. Lilley was not at home, but Michael Thibodeau, her boyfriend's foster brother, was in the apartment watching her son. Lilley, along with her

Detective Edward McDonald spoke with Thibodeau later that evening. Thibodeau told McDonald that "he saw there was a nigger pressing the security bell to get in, so he didn't let him in." Eirby sought to introduce this statement in support of his theory that he was defending himself from an attack by Gooldrup and Thibodeau. The trial court sustained the State's objection that it was hearsay. We agree with Eirby that the statement is not hearsay, but conclude that there was no reversible error.

Hearsay is defined as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." M.R.Evid. 801(c). "The purpose for which the out-of-court statement is offered is ... critical in determining its admissibility." *State v. Liberty*, 478 A.2d 1112, 1116 (Me.1984). Eirby contends that the statement made by Thibodeau was offered to show that he had a negative attitude toward African–Americans and that this was the reason Eirby was attacked. Because the out-of-court statement was not offered for its truth—that there was an African–American ringing the bell and that Thibodeau did not let him in—the statement was not hearsay. *State v. Naoum*, 548 A.2d 120, 123 (Me.1988) (statements made by defendant's former

---

1. Gooldrup received 197 stitches for the two 14–inch wounds in his chest and the 7–inch cut on his lower abdomen.

2. Eirby did not deny cutting Gooldrup, but testified to the following sequence of events. He was walking past Lilley's building when she looked out the window and asked him to come up. Gooldrup, Thibodeau, and Bowie were also in the apartment. Gooldrup got into an argument and a shoving match with Eirby after Eirby made

comments to Bowie regarding her drug use. Gooldrup picked up a chair and hit him across the face with it. The second time Gooldrup raised the chair, Eirby cut him with a knife he had grabbed from the dish rack. Eirby was then hit from behind by Thibodeau and knocked down. When he regained consciousness, he was still being beaten. He managed to crawl away and run out the door.

business associate to the effect that he thought defendant was a lousy businessman, that he could get defendant's customers away from him, and that it was a good time to buy defendant's property were not hearsay because they were not offered for the truth of the matters asserted).

■ Non-hearsay statements "are admissible to prove context if they are relevant, M.R.Evid. 401, and not excludable on the grounds of prejudice, confusion or waste of time. M.R.Evid. 403." *State v. Mannion,* 637 A.2d 452, 456 (Me.1994). When relevant and probative of an individual's actions, statements evidencing the speaker's racial animus are admissible. *See Hunter v. Allis–Chalmers Corp.,* 797 F.2d 1417, 1423 (7th Cir.1986); *Bell v. City of Milwaukee,* 746 F.2d 1205, 1275 (7th Cir.1984).

■ The mischaracterization of the evidence as hearsay, however, does not mean that the court committed reversible error. Had Thibodeau been called as a witness at trial, the statement could have been admissible against him to show racial animus and bias against Eirby. *See State v. Doughty,* 399 A.2d 1319, 1324 (Me.1979) (evidence of bias, hostility, and personal interest of witness may be introduced against witness). Thibodeau, however did not testify. Moreover, its relevance to the aggravated assault committed by Eirby is tenuous at best. By Eirby's own testimony, Thibodeau did not instigate the incident and became involved in the fight only after the conduct constituting the aggravated assault occurred. *See Naoum,* 548 A.2d at 123–24 (erroneous exclusion of statements made by defendant's former partner was harmless error because relevance to defense was so tenuous). Because it is highly probable that the exclusion of the evidence did not affect the judgment, the error was harmless. *State v. Palmer,* 624 A.2d 469, 471 (Me.1993); M.R.Crim.P. 52(a).

The entry is:

Judgment affirmed.

All concurring.