2000 ME 72

**STATE of Maine**

v.

**Wayne T. MITCHELL.**

Supreme Judicial Court of Maine.

Submitted on Briefs April 14, 2000.

Decided April 20, 2000.

Stephanie Anderson, District Attorney, Julia Sheridan, Asst. Dist. Atty., Portland, for State.

James S. Hewes, Portland, for defendant.

Before WATHEN, C.J., and CLIFFORD, RUDMAN, DANA, SAUFLEY, ALEXANDER and CALKINS, JJ.

CALKINS, J.

[¶ 1] Wayne T. Mitchell appeals from a judgment of conviction entered after a jury verdict of guilty in the Superior Court (Cumberland County, *Warren, J.*) for the Class D offense of false public alarm or report. *See* 17–A M.R.S.A. § 509 (1983). Mitchell contends that the trial court erred in denying his motion for acquittal.[1] We affirm the judgment.

## I. FACTS

[¶ 2] The facts viewed in the light most favorable to the State are the following: On June 14, 1998, Officer Coons of the Portland Police Department visited Mitchell in response to Mitchell's call to the police department. Mitchell told Coons that Greg Neptune stole a gun from Mitchell. Mitchell said that Neptune was a friend and a convicted felon. Mitchell also gave Coons a written statement which said that about a month ago Neptune visited Mitchell's residence; Mitchell's .25 caliber pistol was on the coffee table; when Neptune left the gun was gone; and Neptune later admitted taking it.

[¶ 3] As a result of Mitchell's report of the stolen gun, Neptune was arrested and jailed. Detective Holmes of the Portland Police Department took a statement from Mitchell on June 17 in which Mitchell reiterated what he had said to Coons. In addition, Mitchell told Holmes that earlier that day he found the gun in his newspaper delivery receptacle outside his front door.

---

1. Mitchell also appeals his sentence of 60 days in jail, but that appeal is barred by 15 M.R.S.A. § 2151 (Supp.1999), because his sentence is less than one year in length.

[¶ 4] Mitchell wrote a letter to the Cumberland County District Attorney's Office dated July 15, 1998, stating that Neptune did not take the gun but that instead Neptune had stolen $250 in cash from Mitchell. Mitchell wrote that he was angry at Neptune for taking the money, and "I formulated a story to put him behind bars." The letter apologized for wasting the time of the police. After the District Attorney's office received this letter, Holmes again interviewed Mitchell who repeated the version of events in the July 15 letter, and he added that Neptune's brother said he would make full restitution of the stolen money. Later Mitchell called Holmes and told her that he had received the money.

[¶ 5] Neptune's ex-wife, sometime in the summer of 1998, saw Mitchell loan a gun to Neptune. After Neptune was arrested, the ex-wife arranged to have the gun returned to Mitchell.

## II.   THE OFFENSE OF FALSE PUBLIC REPORT

[¶ 6] In reviewing the denial of a motion for an acquittal we consider the evidence in the light most favorable to the State. *See State v. Cumming,* 634 A.2d 953, 956 (Me.1993). Jury verdicts are vacated only when no trier of fact, acting rationally, could have found the essential elements of the charged offense beyond a reasonable doubt. *See State v. Fox,* 494 A.2d 177, 179 (Me.1985).

[¶ 7] The elements of the offense of false public report are: (1) the defendant knowingly gave false information; (2) to a law enforcement officer; (3) with the intent of inducing the officer to believe that a crime has been committed; and (4) the defendant knew the information was false.[2] These elements have been met in that

Mitchell told both Coons and Holmes, law enforcement officers, that his gun had been stolen by Neptune; he later admitted that this information was false; and he admitted that he wanted Neptune put "behind bars," thus admitting that he intended the police to believe that Neptune committed the offense of theft of the gun. The evidence was more than sufficient for the jury to find guilt beyond a reasonable doubt. The jury did not have to believe Mitchell's trial testimony which was that his first story to the police was the true story and his letter and subsequent report to Holmes were lies.

The entry is:

Judgment affirmed.

---

2.   The relevant portion of 17–A M.R.S.A. § 509 (1983) states:
  **§ 509.   False public alarm or report**
  1.   A person is guilty of false public alarm or report if:
    A.   He knowingly gives or causes to be given false information to any law enforcement officer with the intent of inducing such officer to believe that a crime has been committed or that another has committed a crime, knowing the information to be false; or
    . . . .
  2.   False public alarm is a Class D crime.