1998 ME 7

**STATE of Maine**

v.

**Thomas GARRETT.**

Supreme Judicial Court of Maine.

Argued Oct. 9, 1997.

Decided Jan. 5, 1998.

---

Andrew Ketterer, Attorney General, Sarah Roberts Walton, Asst. Atty. Gen. (orally), Augusta, for the State.

William Maselli (orally), Auburn, for defendant.

Before WATHEN, C.J., and ROBERTS, CLIFFORD, RUDMAN, and LIPEZ, JJ.

ROBERTS, Justice.

[¶ 1] Thomas Garrett appeals from the judgment entered in the Superior Court (Androscoggin County, *Delahanty, J.*) following his conviction of murder (Class A) in violation of 17–A M.R.S.A. § 201(1)(A) (1983). On appeal, Garrett contends, *inter alia*, that the evidence is insufficient to support his murder conviction and that the court erred in several of its evidentiary rulings. We vacate the judgment.

[¶ 2] Garrett's conviction arose from a deadly altercation between himself and his friend Robert Riley in the Auburn Mall parking lot. Garrett contends that Riley's death was an accident. He acknowledges that they had been arguing in the parking lot. He maintains, however, that he was walking away from the argument when Riley suddenly came up behind him. He asserts that as he was turning around to confront Riley, he accidentally stabbed him in the neck with a kitchen knife concealed in a cereal box. Numerous eyewitnesses, however, contradicted his account of the incident. They testified that during the incident the two men were at all times face-to-face, and none of the witnesses recalled seeing a cereal box in Garrett's hand.

[¶ 3] Garrett's first contention on appeal is that the evidence was insufficient to support his conviction. In examining whether the evidence is sufficient to support a jury verdict, we accord great deference to the findings of a properly instructed jury acting on competent evidence without a suggestion of misconduct. *State v. Spooner,* 666 A.2d 863, 865 (Me.1995). A verdict will be upheld if, based on the evidence viewed in the light most favorable to the State, a jury rationally could have found beyond a reasonable doubt the elements of the offense charged. *State v. Barry,* 495 A.2d 825, 826 (Me.1985). At the trial, friends of both Garrett and Riley testified that the friendship between the two men

had become strained because of Riley's affair with Garrett's ex-girlfriend Carrie. The jury heard testimony that Garrett had threatened Riley's life shortly before he fatally stabbed him. Moreover, although he claimed that he accidentally stabbed Riley, his account of the incident was contradicted by numerous eyewitnesses. In sum, there was ample evidence of record to support the jury's finding.

[¶ 4] Garrett also contends that the court erred in several of its evidentiary rulings. Throughout the trial, the State attempted to prove that Garrett intentionally and knowingly killed Riley because he was jealous of Riley's sexual relationship with Carrie. To counter the State's motive theory, Garrett attempted to introduce evidence about Carrie's sexual relationships with two of his other friends. Garrett argued that this evidence was relevant because his knowledge of the relationships did not affect his friendships with the two men. Therefore, the evidence bolstered his assertions that the relationship between Carrie and Riley did not upset him and that Riley's death was an accident. The court sustained the State's objection and excluded evidence about Carrie's relationship with any man other than Riley or Garrett.

[¶ 5] Garrett contends that the exclusion of this evidence denied him the ability to rebut the State's theory that he killed Riley because of jealousy. We agree. "Although the trial court should exclude evidence offered by a defendant if the evidence is irrelevant and has broad discretion to exclude evidence if its introduction would result in undue delay, waste of time or jury confusion, a defendant is accorded wide latitude to present all evidence relevant to his defense." *State v. Dean,* 589 A.2d 929, 931 (Me.1991). The State asserts that this evidence is irrelevant because Garrett was not upset about Carrie's affair with Riley, but was upset that they had failed to tell him about their relationship. This assertion, however, is contrary to the State's argument at trial. At the trial, the State insinuated that Riley's and Carrie's relationship and Garrett's desire to reunite with Carrie were possible motives for the stabbing. Exclusion of evidence that Carrie had engaged in sexual relationships with two of his other friends and that Garrett

had known of these relationships denied Garrett the ability to contradict the State's theory on motive. Moreover, we cannot conclude that the error did not affect the jury's verdict. *See State v. Harrigan,* 662 A.2d 196, 198 (Me.1995). Because we conclude that Garrett's conviction must be set aside, we need not address Garrett's other contentions.

The entry is:

Judgment vacated. Remanded for further proceedings consistent with the opinion herein.