1998 ME 183

**STATE of Maine**

v.

**Gerald NELSON, Jr.**

Supreme Judicial Court of Maine.

Submitted on Briefs June 29, 1998.

Decided July 23, 1998.

Andrew Ketterer, Attorney General, Leanne Robin, Asst. Atty. Gen., Augusta, for the State.

Sumner H. Lipman, Walter F. McKee, Lipman & Katz, P.A., Augusta, for defendant.

Before WATHEN, C.J., and ROBERTS, CLIFFORD, RUDMAN, DANA, and SAUFLEY, JJ.

ROBERTS, Justice.

[¶ 1]   Gerald Nelson, Jr., appeals from the judgment entered in the Superior Court (Kennebec County, *Alexander, J.*) following his conviction of theft.   On appeal he contends, *inter alia,* that the evidence is insufficient to support his conviction.   Because the evidence is insufficient, we vacate the judgment.

I.

[¶ 2]   Jeffrey Aalberg, Vernon Westcott, John Eaton, and Donald Hewson owned property in Maine.   Between 1991 and 1994, they separately entered into contracts [1] with Nelson whereby they agreed to sell timber to Nelson.   Nelson paid Westcott for some of the timber that he harvested from Westcott's property.   He did not, however, make any payments to Aalberg, Eaton, and Hewson.   Nelson admits that he did not pay Eaton and that he stopped making payments to Westcott.   He claims that he and Westcott amended their original contract and that Westcott agreed to give him the timber.   He

---

1.  The contracts contained the following provision:   "All timber included in this agreement shall remain the property of the seller until paid for in full."

also contends that Hewson did not receive the payment sent to him and that Aalberg refused to accept payment.

[¶ 3] In November 1995 Nelson was indicted, *inter alia,* for theft by unauthorized taking (Class B) in violation of 17–A M.R.S.A. § 353 (1983).[2] At trial the State argued that Nelson had committed theft by unauthorized taking as well as theft by misapplication of property in violation of 17–A M.R.S.A. § 358(1) (1983).[3] The jury convicted Nelson of theft and this appeal followed.

## II.

[¶ 4] A verdict will be upheld if, based on the evidence assessed most favorably to the State, a jury rationally could have found beyond a reasonable doubt the elements of the offense charged. *State v. Garrett,* 1998 ME 7, ¶ 3, 704 A.2d 393, 394. Nelson contends that although he might be liable to the landowners for civil damages, his conduct does not constitute either theft by unauthorized taking or theft by misapplication of property. We agree.

[¶ 5] To prove that a defendant has committed the crime of theft by unauthorized taking in violation of 17–A M.R.S.A. § 353, the State must demonstrate that the accused (1) obtained or exercised unauthorized control over (2) the property of another (3) with the intent to deprive the owner of that property. *State v. Duval,* 666 A.2d 496, 498 (Me.1995). Assuming *arguendo* that Nelson exercised unauthorized control over the timber, the State has failed to prove that he exercised control *over the property of another.* 17–A M.R.S.A. § 352(4) (1983) provides that

> 'Property of another' includes property in which any person or government other than the actor has an interest which the actor is not privileged to infringe....

2. 17–A M.R.S.A. § 353(1) (1983) provides:

> A person is guilty of theft if he obtains or exercises unauthorized control over the property of another with intent to deprive him thereof.

3. 17–A M.R.S.A. § 358(1) (1983) provides:

> A person is guilty of theft if he obtains property from anyone or personal services from an

*Property in the possession of the actor shall not be deemed property of another who has only a security interest therein, even if legal title is in the creditor pursuant to a conditional sales contract or other security agreement.*

(Emphasis added.) A "security interest" is "an interest in personal property or fixtures that secures payment or performance of an obligation. *The retention or reservation of title by a seller of goods notwithstanding shipment or delivery to the buyer (section 2–401) is limited in effect to a reservation of a 'security interest.'"* 11 M.R.S.A. § 1–201(37) (1995) (emphasis added). Because the agreements between Nelson and the landowners were in effect conditional sales contracts, the timber was not the "property of another" within the meaning of section 353. Nelson's retention of the timber without compensating the landowners, therefore, does not constitute a theft by unauthorized taking. *See* 17–A M.R.S.A. § 352 comment (1975) ("[An] action inconsistent with a security agreement should be treated as something different from ordinary theft.").

[¶ 6] The evidence also does not support a finding that Nelson committed a theft by misapplication of property in violation of 17–A M.R.S.A. § 358(1). That section "lies close to the border between criminality and mere civil failure to perform a contractual obligation." 17–A M.R.S.A. § 358(1) comment (1975). In *State v. Marcotte,* 418 A.2d 1118 (Me.1980), we elaborated on how a court should determine on which side of the border a particular infraction lies. The defendant in *Marcotte* was a retailer who failed to make sales tax payments to the state tax assessor and who was subsequently indicted for theft by misapplication of property. *Id.* at 1119. We held that Marcotte's failure to make monthly payments to the state tax assessor

> employee upon agreement, or subject to a known legal obligation, to make a specified payment or other disposition to a 3rd person or to a fund administered by himself, whether from that property or its proceeds or from his own property to be reserved in an equivalent or agreed amount, if he intentionally or recklessly fails to make the required payment or disposition and deals with the property obtained or withheld as his own.

did not constitute theft by misapplication of property. *Id.* at 1120–21. In doing so, we considered the significance of the statutory phrase "from that property or its proceeds or from his own property to be reserved in an equivalent or agreed amount" and acknowledged the difficulty in "formulating a test by which to distinguish criminal conduct from more traditional debtor-creditor relationships which do not merit the imposition of criminal sanctions." *Id.* We concluded that criminal liability should be limited to "those situations where a kind of trust or fiduciary obligation required an equivalent amount to be reserved" and held that "if there exists no agreement or legal obligation to make payment from property obtained or its proceeds or from property to be reserved in equivalent amount, there can be no criminal liability" pursuant to section 358(1). *Id.* at 1121.

[¶ 7] We again grappled with the application of section 358(1) in *State v. Pleasant Hill Health Facility, Inc.,* 496 A.2d 306 (Me. 1985). The defendant in *Pleasant Hill,* a corporation that operated a nursing home, received from the state monthly social security checks on behalf of approximately ninety-five percent of its patients. *Id.* at 307. Each check included both the amount owed to the nursing home for room and board and a sum for the patient's personal use. *Id.* Pleasant Hill did not always immediately pay into the patients' individual accounts and sometimes used the funds to pay corporate expenses before a like amount was transferred to the patients' accounts. *Id.* We affirmed Pleasant Hill's conviction and explained that "[b]y administering social security checks in their entirety on behalf of its patients, the corporation agreed implicitly to separate the patients' personal needs funds from those allotted to defray the costs of room and board and to hold the patients' money in trust." *Id.* at 308.

■ [¶ 8] Contrary to the State's assertions, the facts of *Pleasant Hill* are inapposite to the present matter. The contracts entered into between Nelson and the landowners did not provide that he act as their agent or that he hold the proceeds from the sale of the timber in trust for them. Although Nelson is legally obligated to compensate the landowners for the timber, his failure to do so does not constitute theft by misapplication of property. Because we conclude that Nelson's conviction must be set aside, we need not address his other contentions.

The entry is:

Judgment vacated.