2000 ME 182

**STATE of Maine**

v.

**Michael SMALL.**

Supreme Judicial Court of Maine.

Argued Oct. 3, 2000.

Decided Oct. 26, 2000.

Norman R. Croteau, District Attorney, Joseph O'Connor, Asst. Dist. Atty., Richard R. Beauchesne, Asst. Dist. Atty. (orally), South Paris, for State.

Ron E. Hoffman (orally), Rumford, for defendant.

Panel: WATHEN, C.J., and CLIFFORD, RUDMAN, DANA, SAUFLEY, ALEXANDER, and CALKINS, JJ.

RUDMAN, J.

[¶ 1] Michael Small appeals from the judgment entered in the Superior Court (Oxford County, *Warren, J.*) on a jury verdict finding him guilty of a violation of a condition of his release (Class C), a violation of 15 M.R.S.A. §§ 1092, 1026(3)(A)(5) (Supp.1999). Small contends that the trial court erred by failing to define the affirmative defense of "just cause." We disagree and affirm the judgment of conviction.

[¶ 2] Small was released on bail after being arraigned on a charge of assault (Class C). *See* 17–A M.R.S.A. §§ 207, 1252(4–A) (1983 & Supp.1999). The conditions of his release included a provision that he have no contact with the alleged victim of the assault. The bail conditions did not, however, prevent Small from visiting the victim's residence. The victim asked her landlord to arrange a visit between her children and Small. As planned, the landlord dropped Small off at the victim's residence one evening when the victim would be away at a meeting. The landlord was supposed to pick Small up before 10:30 p.m., when the victim was expected to return. The victim came home early, and Small was still at the residence. The victim called the Bethel Police Department. When the police arrived, Small was in the living room, and

the victim was in the bedroom. The police removed Small from the residence.

[¶ 3] Small was charged with the violation of a condition of his release (Class C) for having contact with the victim of the alleged assault. *See* 15 M.R.S.A. §§ 1092,[1] 1026(3)(A)(5). At trial, Small raised the affirmative defense of just cause. *See* 15 M.R.S.A. § 1092. On the issue of just cause, the trial court instructed the jury that:

> Under Maine law, it is an affirmative defense that a violation of a bail condition resulted from just cause. What constitutes just cause in any given case is a matter that is left to the sound judgment of the jury.

Small did not object to the instruction. The jury convicted Small, and he was sentenced to three and one-half years of incarceration, with all but nine months suspended, and three years probation. Small then brought this appeal.

[¶ 4] Small argues that the trial court's instruction on just cause was vague and failed to inform the jury that the affirmative defense focuses on what is in the mind of the actor. Just cause is not defined in the criminal code. We agree that it includes a requirement of reasonable belief similar to other justification defenses. Although the burden of proof may be different, the defense of competing harms, 17–A M.R.S.A. § 103 (1983), the defense of use of force in defense of premises, 17–A M.R.S.A. § 104 (1983), and the defense of physical force in defense of a person, 17–A M.R.S.A. § 108 (1983 & Supp.1999), all include a requirement of reasonable belief. A defendant raising just cause as an affirmative defense under 15 M.R.S.A. § 1092, therefore, must prove, by a preponderance of the evidence,[2] that it was reasonable for him to believe that he had a justifiable reason for violating a condition of his release or that the violation occurred through no fault of the defendant.

[¶ 5] Small did not object to the instruction given by the trial court; therefore, we review the instructions for obvious error. *See State v. Child,* 1999 ME 198, ¶ 7, 743 A.2d 230, 232; *see also* M.R.Crim. P. 52(b). We will not grant relief unless the error in the instructions is so highly prejudicial and so taints the proceedings as to virtually deprive the defendant of a fair trial. *State v. Varney,* 641 A.2d 185, 187 (Me.1994).

[¶ 6] Small was allowed to present ample evidence at trial in support of his affirmative defense, and his attorney argued in closing that there was "just cause" for Small's contact with the victim. In addition, both the State and the defendant argued to the jury that "just cause" means "good reason." The trial court instructed the jury to use their "sound judgment" in determining whether there was just cause for the violation. The trial court's failure to provide a more detailed definition of the affirmative defense of just cause was not so highly prejudicial as to virtually deprive Small of a fair trial.

The entry is:

Judgment affirmed.

1. The relevant statute provides:

    A defendant who has been granted pre-conviction or post-conviction bail and who, in fact, violates a condition of release is guilty of a Class E crime or is guilty of a Class C crime if the underlying crime was punishable by a maximum period of imprisonment of one year or more and the condition of release violated is one specified in section 1026, subsection 3, paragraph A, subparagraph (5), (8) or (13). It is an affirmative defense that the violation resulted from just cause.

    15 M.R.S.A. § 1092 (Supp.1999).

2. 17–A M.R.S.A. § 101(2) (1983) provides:

    Where the statute explicitly designates a matter as an "affirmative defense," the matter so designated must be proved by the defendant by a preponderance of the evidence.