2007 ME 58

**STATE of Maine**

v.

**John T. BUCHANAN Jr.**

Supreme Judicial Court of Maine.

Submitted on Briefs: March 29, 2007.

Decided: May 15, 2007.

Michael E. Povich, Dist. Atty., Carletta Bassano, Asst. Dist. Atty., Joelle S. Pratt, Asst. Dist. Atty., Ellsworth, for the State.

Norman Toffolon, Machias, for the defendant.

Panel: SAUFLEY, C.J., and CLIFFORD, CALKINS, LEVY, and SILVER, JJ.

LEVY, J.

[¶ 1] John T. Buchanan Jr. appeals from a judgment of conviction in the Superior

Court (Washington County, *Humphrey, C.J.*) resulting from a conditional guilty plea for unlawful trafficking in a scheduled drug (Class B), 17–A M.R.S. § 1103(1–A)(A) (2006); illegal importation of a scheduled drug (Class C), 17–A M.R.S. § 1118(1), (2)(A) (2006); and unlawful possession of a scheduled drug (Class D), 17–A M.R.S.A. § 1107–A(1)(C) (Supp.2004).[1] Buchanan contends that the trial court erred by ruling, prior to trial, that it would not admit evidence that Buchanan had a prescription for the drug in question, oxycodone. Because we agree with Buchanan's contention, we vacate the judgment.

## I. BACKGROUND

[¶ 2] Buchanan, a Canadian citizen and resident of Oromocto, New Brunswick, attempted to enter Maine through the Milltown Point of Entry near Calais on September 5, 2005. Customs officers searched Buchanan, revealing a cellophane bag containing twenty-five eighty-milligram oxycodone pills taped underneath his scrotum.[2] Following his arrest, Buchanan was indicted by the Washington County grand jury on three counts: unlawful trafficking in a scheduled drug (Class B), 17–A M.R.S. § 1103(1–A)(A);[3] illegal importation of a scheduled drug (Class C), 17–A M.R.S. § 1118(1), (2)(A);[4] and unlawful possession of a scheduled drug (Class D), 17–A M.R.S.A. § 1107–A(1)(C).[5]

[¶ 3] After a jury had been selected, a hearing was held in the Superior Court at which the parties argued the admissibility of evidence that Buchanan had a prescription for oxycodone to alleviate his chronic pain. Buchanan and the State brought to the court's attention that Buchanan intended to raise as a defense that he was in possession of a Canadian prescription for oxycodone. The State contended the court should exclude the evidence because the statute that allows a person to lawfully possess a scheduled drug that he or she "has been prescribed, sold or dispensed for

1. Title 17–A M.R.S.A. § 1107–A (Supp. 2004) has since been amended several times. P.L. 2005, ch. 252, § 1 (effective Sept. 17, 2005); P.L. 2005, ch. 430, § 4 (effective Nov. 1, 2005); P.L. 2005, ch. 442, § 1 (effective Sept. 17, 2005) (all codified at 17–A M.R.S. § 1107–A (2006)).

2. Oxycodone is a schedule W drug pursuant to 17–A M.R.S. § 1102(1)(I) (2006).

3. Title 17–A M.R.S. § 1103(1–A)(A) (2006) provides:

> 1–A. Except as provided in subsection 1–B, a person is guilty of unlawful trafficking in a scheduled drug if the person intentionally or knowingly traffics in what the person knows or believes to be a scheduled drug, which is in fact a scheduled drug, and the drug is:
> A. A schedule W drug. Violation of this paragraph is a Class B crime.

4. Title 17–A M.R.S. § 1118(1), (2)(A) (2006) provides:

> 1. A person is guilty of illegal importation of scheduled drugs if the person intentionally or knowingly brings, carries or transports a scheduled drug other than marijuana into the State from another state or country, unless the person is authorized to import or to possess the scheduled drug under Title 22 or Title 32 or under any law of the United States, of another state or of a foreign country.
> 2. A violation of this section is:
> A. A Class C crime if the drug is a schedule W drug.

5. Title 17–A M.R.S.A. § 1107–A(1)(C) (Supp. 2004) provides:

> 1. Except as provided in subsection 2, a person is guilty of unlawful possession of a scheduled drug if the person intentionally or knowingly possesses what that person knows or believes to be a scheduled drug, which is in fact a scheduled drug, and the drug is:
> . . . .
> C. A schedule W drug, except as provided in paragraphs A and B. Violation of this paragraph is a Class D crime.

a legitimate medical purpose by a physician," only applies if the drug or substance is "in use," or "in the container in which it was delivered by the person selling or dispensing the drug or substance." 22 M.R.S.A. § 2383–B(1) (2004).[6] *See also* 17–A M.R.S. §§ 1103(1–B)(A), 1107–A(2)(A), 1118(1) (2006).

[¶ 4] Buchanan did not dispute the State's contention that his pills were not in their container and were not "in use" at the time he was searched. Rather, he asserted that he did not intend to introduce evidence of the prescription to invoke the defense of lawfully prescribed drugs pursuant to section 2382–B(1), but to raise a reasonable doubt regarding the mens rea element of the trafficking charge under section 1103(1–A)(A); that is, to defeat the State's claim that he possessed a scheduled drug with the intent to traffick in it.[7] Buchanan contended that, because the evidence of the prescription should be found admissible as to the trafficking charge, he also intended to proceed to trial on the illegal possession and illegal importation charges "because there's always the opportunity for a compromised verdict," and the court could cure any problems with the limited admissibility of the evidence by "jury instructions, not by excluding the evidence."

[¶ 5] The court ruled that because Buchanan conceded that he could not be found in lawful possession of the pills in accordance with section 2382–B(1), evidence of the prescription would not be admitted as to any of the three counts. The court noted that its ruling did not preclude Buchanan from testifying at trial that he intended to take the oxycodone "for his own personal maladies or purposes."

[¶ 6] In response to the court's ruling, Buchanan entered conditional guilty pleas pursuant to M.R.Crim. P. 11(a)(2),[8] preserving for appellate review the court's denial of his request to introduce evidence of his prescription.[9] This appeal followed.

6. Title 22 M.R.S.A. § 2383–B(1) (2004) has since been amended. P.L. 2005, ch. 252, § 2 (effective Sept. 17, 2005) (codified at 22 M.R.S. § 2383–B(1) (2006)).

7. Title 17–A M.R.S. § 1101(17) (2006) defines "[t]raffick," in relevant part, in the following ways:

A. To make, create, manufacture;
B. To grow or cultivate, except for marijuana;
C. To sell, barter, trade, exchange or otherwise furnish for consideration;
D. *To possess with the intent to do any act mentioned in paragraph C.*
(Emphasis added.)

8. Maine Rule of Criminal Procedure 11(a)(2) provides:

With the approval of the court and the consent of the attorney for the state, a defendant may enter a conditional guilty plea. A conditional guilty plea shall be in writing. It shall specifically state any pretrial motion and the ruling thereon to be preserved for appellate review. If the court approves and the attorney for the state consents to entry of the conditional guilty plea, they shall file a written certification that the record is adequate for appellate review and that the case is not appropriate for application of the harmless error doctrine. Appellate review of any specified ruling shall not be barred by the entry of the plea.

If the defendant prevails on appeal, the defendant shall be allowed to withdraw the plea.

9. Buchanan was sentenced to one year imprisonment on the unlawful trafficking charge, six months imprisonment on the illegal importation charge, and six months imprisonment on the unlawful possession charge, all to be served concurrently, together with fines totaling $1200 and restitution of $220, not including surcharges and assessments, to be paid to the Maine Drug Enforcement Agency.

## II. DISCUSSION

### A. Unlawful Trafficking in a Scheduled Drug

[¶ 7] Buchanan contends that evidence of a prescription for oxycodone is relevant to the question of whether he intended to unlawfully traffick in a scheduled drug, even though he concedes that the evidence cannot be used to establish that he lawfully possessed the oxycodone pursuant to section 2383–B(1). Buchanan argues that lawful possession is not the exclusive defense to the charge of trafficking, and that the existence of a prescription is relevant to create a reasonable doubt as to whether he intended to traffick in the oxycodone pills, a necessary element of the crime pursuant to section 1103(1–A)(A).

[¶ 8] Maine Rule of Evidence 401 provides that relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." All relevant evidence is admissible, except as limited by the constitution, statute or court rules. M.R. Evid. 402. "A criminal defendant is entitled to admission of relevant evidence, and the court's choice to.exclude relevant evidence is significantly limited." *State v. McMahan*, 2000 ME 200, ¶ 18, 761 A.2d 50, 55. We review a trial court's determination regarding the relevancy of evidence for clear error. *State v. Williams*, 653 A.2d 902, 906 (Me.1995). "A 'clear error' standard is similar to a sufficiency of the evidence standard in that it asks if the trial court's ruling on evidentiary foundation is supported by or not inconsistent with the facts that appear in the record." Alexander, *Maine Appellate Practice* § 405(e) at 186 (2005).

[¶ 9] A consequential fact in this case is Buchanan's intent, that is, whether he possessed the oxycodone with the intent to sell, barter, trade, exchange or otherwise furnish the oxycodone for consideration. *See* 17–A M.R.S. § 1101(17)(C), (D) (2006). Buchanan's lawful prescription is relevant because it may make his intent to traffick in oxycodone less probable because it supports his assertion that he possessed the pills for a reason other than to traffick—for his own personal use as an analgesic. Contrary to the State's contention, the relevancy of the evidence of Buchanan's prescription is not undermined by Buchanan's concession that the evidence of his prescription cannot be used to establish the defense of lawful possession pursuant to section 2383–B(1) because intent is an element of the crime independent of possession. Also, contrary to the State's contention, the evidence's relevancy is not undermined by the fact that proof that Buchanan possessed 800 or more milligrams of oxycodone permits the fact-finder to infer that he was engaged in trafficking in accordance with 17–A M.R.S. § 1103(3)(G) (2006).[10] Buchanan's possession of a lawful prescription may

---

10. Title 17–A M.R.S. § 1103(3)(G) (2006) provides:

> 3. Proof that the person intentionally or knowingly possesses any scheduled drug that is in fact of a quantity, state or concentration as provided in this subsection, gives rise to a permissible inference under the Maine Rules of Evidence, Rule 303 that the person is unlawfully trafficking in scheduled drugs:
>
> . . . .
>
> G. Any quantity of pills, capsules, tablets, units, compounds, mixtures or substances that, in the aggregate, contains 800 milligrams or more of oxycodone or 100 milligrams or more of hydromorphone.

make it less probable that the fact-finder will make the inference permitted by statute.

 [¶ 10] "[A] defendant is accorded wide latitude to present all evidence relevant to his defense." *State v. Garrett*, 1998 ME 7, ¶ 5, 704 A.2d 393, 395 (quotation marks omitted). *See also McMahan*, 2000 ME 200, ¶ 18, 761 A.2d at 55. We conclude that the court's ruling failed to give Buchanan sufficient latitude to present evidence that could tend to make the existence of a consequential fact—that he intended to traffick in oxycodone—less probable than it would be without the evidence. The court's determination that the evidence was not relevant was, therefore, clearly erroneous.

B. Illegal Importation of a Scheduled Drug and Unlawful Possession of a Scheduled Drug

[¶ 11] Buchanan also contends that evidence of the prescription is independently relevant as to the charges of illegal importation and unlawful possession of a scheduled drug, and not simply the charge of illegal trafficking. Buchanan asserted before the Superior Court that evidence of the prescription was relevant only as to the trafficking charge, the court's ruling pertained only to that charge, and the court accepted Buchanan's conditional guilty plea solely on that basis. Accordingly, the question of the relevance of the prescription for the illegal importation and unlawful possession charges has not been preserved for our review in this appeal, *see* M.R.Crim. P. 11(a)(2), and we do not address the issue further. We nonetheless vacate Buchanan's convictions as to these counts because his guilty pleas as to all three counts were conditioned on his right to appeal the court's ruling regarding the admission of the prescription as it pertained to the charge of unlawful trafficking in a scheduled drug.

The entry is:

Judgment vacated. Remanded to the Superior Court for further proceedings consistent with this opinion.